On behalf of the FAA, Mr. Michael Perlon. On behalf of the FAA, Mr. Saul Perez. Counsel, before I begin the arguments, I do need to make an announcement. Justice Robert Spence is a member of this panel. He was unable to be here this morning, but he will be a fully participating member of the panel. He will be listening to the oral arguments by way of an audio tape recording here this morning. He will participate in any written decision that is issued later. With those thoughts in mind, Mr. Perlon, you may proceed. Good morning, Justices. May it please the Court, Michael Perlon, on behalf of the appellant, Anthony Esposito, Mr. Ferris. With the Court's permission, I think a logical starting point for this argument is a discussion of the proper standard of review as that is disputed by the parties before the Court today. This case went on a 2-16, 2-619 motion?  And the position of the appellant, which I believe is well-founded in the case law presented in the briefing, is that a subject matter jurisdiction analysis is always subject to NOVA review. And we've cited to the Crossroads v. Sterling case, which was another case involving review of the subject matter. Assuming we agree with you that it's a NOVA review, this client came to your – the client in the case that was referred came to your client from the plaintiff on a referral basis, correct? That is a component of the contract, yes. That's the only component that the plaintiff is asking for his fee from. Well, if you – Your client got the case from him. It's a typical referral. That's the service that he provided, was referring the case. Beyond that, what work did the plaintiff do before the commission? Well, Your Honor, if you look at the contracts which are attached to the complaint, which are controlled – Could you answer the question first? Yeah. The contracts provide that the fare return was to provide interview services, provide initial documentation, maintain a file, provide translation services. So in that respect, this isn't a typical referral agreement where the only service provided is here's the client, run with it. It was concurrent representation, and both contracts attached to the complaint represent that. So I wouldn't characterize it simply as a referral agreement. Is this – there's no cases on this point, correct? No. Is the commission set up to handle disputes between lawyers on referral contracts? The commission is set up and – Well, they're set up to determine whether or not a fee award is fair when there's been a determination, and they have seen the work that was performed on behalf of the claimant that has taken place before them, correct? Well, I don't think that they need to see the work. I think that – And in this case, it was your client who was representing the claimant, the only lawyer on the case before the commission, correct? That's the only attorney to file an appearance before the commission, correct, is Mr. Esposito. I agree. However, the Act does provide that every lawyer that receives compensation in connection with the Act is required to file their contract before the commission. So you see where I'm going with this. So if we were to agree with you and say that the trial court had no jurisdiction, this has to go before the commission, isn't that kind of at odds with the public policy of resolving these cases in a fairly quick manner before the commission? I don't think so, and the reason I think so – I don't think that it's at odds with the public policy is set forth in the reasoning in Alvarado, where the commission can determine the total amount of the award, and if there's a dispute between the attorneys, the commission retains jurisdiction to resolve a dispute between attorneys after the final award is determined and payment is made to the claimant. But in this case, is it correct – it's not just determining the monetary amount of fees. Intertwined with this, the commission is the issue of whether or not there's a breach of the referral agreement. A breach of a contract is not typically what the commission does, does it? To the extent that the compensation requested by the attorneys representing the claimant depend on an independent undertaking under a contract, I believe that would be subject to the jurisdiction of the commission. But what if somebody breached a referral contract, do you think? Obviously. Because that would have to be the threshold. Before you're going to set any fees, you're going to have to first of all determine what this referral agreement's parameters are and was there a breach, right? That's correct. That would be a component of what's heard by the commission. But because the legislature explicitly divests the circuit court of jurisdiction over any and all fee disputes, that's something that is properly before the commission. But you can see it isn't just a typical setting as we get in comp cases. And I said on the comp panel we were setting a fee, a monetary amount. This is far more involved than that. I don't think it's far more involved. I would say it's not typical. Right. It isn't just presenting a fee petition, can we say that's correct? That's correct. However, if there were undertakings in a representation agreement and two separate attorneys representing the claimant came in and argued for their proportionate right to the fee, the commission would be in a situation where it would have to consider the obligations undertaken under the fee agreement. But what would be the form of the pleading before the commission by the plaintiff? By the plaintiff, in this case it would be a petition for fees filed before the comp commission. And what standing would he have if there's nothing on file from him and there's no evidence that he performed any work before the commission? I don't know that evidence of performance of work would go to the issue of standing. Are you familiar with a case on this point where some lawyer who had nothing to do with the work before the commission files a petition for fees before the commission? Well, that assumes that we're talking about a case where the lawyer had nothing to do with the work on the case. The distinction I think Your Honor is making is lawyers who filed an appearance before the commission. However, in order to provide services in connection with the award of compensation, you don't have to file an appearance before the commission. And that extends to other professions as well. Medical providers have their fees determined by the commission. They don't perform work in front of the commission. Well, they're doing work in connection with the claim. They're looking at the claimant to see whether or not his alleged injury is the real deal. For the formal advocacy, yes. I would say that no, there isn't a case on point. But the statute is very clear that any and all disputes regarding fees are vested before the comp commission. Well, the amount of the fees, is that in dispute? How much was paid out to your client? What did your client receive? In this case... What did your client receive? How much was he paid for his... I don't know that off the top of my head because we're talking about the initial determination of subject matter jurisdiction based on the allegations of the complaint. So there was an award. It was a small claims case. So there were two fees at issue. And in order for Ferris' firm to receive a judgment, I would assume that there had to be a combined amount received by my client less than the jurisdictional amount, which would be less than $10,000 in this case. Just to put an upper end on what we're talking about here. But I think my point is... The contract, the referral fee, what was the referral fee? This split was 45% to the Ferris firm, assuming performance of the conditions under the contract, and 55% to the appellant, Anthony Esposito. And what was wrong with that referral fee? There's nothing... Is there anything that was at odds with public policy about that referral fee? No. So their argument is this is a breach of contract claim. It has nothing to do with the work that was done. It's a simple breach of contract. It has nothing to do with anything before the commission. It's just like a PI case. It's a referral case. It's a breach of contract. It has nothing to do with the claim that was made before the commission. It's a simple referral fee, and it's a breach of contract case. Except, Justice Burkett, under the COMP statute... I read it. I know what it says. Doesn't the circuit court have general jurisdiction over breach of contract claims? Yes, general jurisdiction over breach of contract claims, but not when it comes to the area of COMP. And you said you have no case directly on point on this particular issue, correct? On this particular issue, no, there is no case directly on point, and that makes sense to me. What if we publish this case? We publish this opinion as a case of first impression. Is that good for workman's comp lawyers? Well, workman's comp lawyers know when they enter into agreements relative to providing services in connection with the COMP Act that the COMP Act is implied into their contracts. So lawyers should... Is there provision in this particular contract? There is no language that addresses the proper form for a fetus view. It's silent. Who wrote the contract? The plaintiffs? Well, there are a couple documents attached to the contract. There's the letter of understanding about the division of the fee written by Mr. Esposito. And then there's the actual contract between Esposito, the Ferris firm, which is also signed by the claimant. And obviously the letter of understanding was written by Mr. Esposito. I think the contract attached, which is signed by the claimant to the complaint, was drafted by both the parties. So would you agree that our review of the contract is de novo? Yes. So if we were to say that the trial court had no jurisdiction, then review of the contract would be de novo review before the commission? Yes, yes. Contract interpretation is de novo. I agree with that statement. So is your position reduced to as simple as terms as you're looking at the language of the statute? You're saying that any and all disputes, quote-unquote, regarding attorney's fees should be settled by the commission, period? Correct. And you're saying this is intertwined and wrapped up with an attorney fee dispute? Correct. I think we understand your position. In furtherance of that, if the legislature intended to exempt out this type of dispute, it would have stated so explicitly. So when you have a statute which divests the legislature of jurisdiction, that divestment language needs to be taken seriously by courts. I can see an opposite argument being made. This is an administrative agency. As you know, under the law, the only jurisdiction and authority of an administrative agency has to be specifically granted. So if it's not specifically granted, the argument would be made is it can't be there. You'd have to view it narrowly, in my opinion, not broadly. I would agree with that. Because you're carving out an exception to subject matter jurisdiction, right? In this case, the exception arises because we have a comprehensive statutory scheme that regulates compensation and services rendered in connection. So the express divestment is very broad in any and all disputes. That, to me, does not sound narrow. But it says attorney's fees. So, again, that's what you're trying to point at. Fees, does that encompass breach of contract claims? That's really the rub, isn't it? It's our interpretation of that. Because this isn't strictly a fee case. We've already conceded that. This isn't a case of somebody filing a petition and saying how much, you know, do I get here? You've got a breach of a contract issue also part of the mix, correct? Correct. That's why we're here. It's correct. But when you read Alvarado and the court says when you have two attorneys fighting over a limited pot of fees, it is proper for the commission to apportion that pot of fees between the two attorneys even after the whole is approved by the commission. I understand that. But that was a different situation. This is a contract that was a referral fee. The amount of the fees is not in dispute. The amount that your client received is not in dispute. What's in dispute is your client's alleged breach of the contract for the 45% that he was awarded in fees. Well, of the 100% of fees. Is there a dispute about the amount of fees that were paid? The dispute could be before the commission. My question is, is there a dollar amount in dispute? There's no dollar amount in dispute, correct? No, not as to the approved amount of the fee by the commission. That could, as it's apportioned between the two attorneys, there could be a dispute if the commission has to do a quantum merit analysis of the proportional services provided. So your argument before the commission would be, yes, there's been a breach, but we have evidence that we want to present as to why my client was entitled to breach the referral agreement. Is that what you're saying? No. What I would say is that the argument before the commission could be that the Ferris firm breached, and they may be entitled to some fees, but not the percentage under the agreement. Because the referral agreement provides for the performance of specific services in connection with the comp claim. That's why I think we may be talking past each other, Justice Burkett, in that I don't see it as a straight referral argument. I see what your point is, but that's an argument that could also be made before the trial court. If the legislature hadn't divested the trial court and jurisdiction explicitly, yes, that's true. You filed your motion after the trial began. Correct. You filed your motion to dismiss after the trial began. I don't think forfeiture or waiver were argued, but why wasn't the argument waived? You can never waive subject matter jurisdiction arguments. That is the homework rule. And with that, your time has expired. You will have an opportunity to address the court again in the round of rebuttal. So thank you. Thank you. Mr. Ferris, on behalf of the FOIA. May it please the Court, Counsel. This is a simple referral fee agreement between the Ferris firm and Ms. Draspizito. The strongest argument raised by the appellant is that the circuit court was divested of jurisdiction. If you read paragraph J in isolation, that may hold water. If you read it in conjunction with paragraph A under 16A, it doesn't hold water. And really, if we are going to look at legislative intent in the plain reading of the statute, section A says, in the establishment or approval of attorney's fees in relation to claims brought under this act, the commission shall be guided by the provisions of this section. Now, one of those provisions is that all-encompassing language of any and all fee disputes are heard by the commission. Well, that section J, which is way down there, has to be read in conjunction with paragraph A. And when you read it in conjunction with paragraph A, you come to the conclusion that the complaint, which the Ferris firm brought against Mr. Esposito, is not a claim brought under the act. It is a breach of contract common law action. I appreciate you referring to 16AJ, because the one part of it that still is a little troubling to me is, it says any and all disputes regarding attorney's fees, which ostensibly could be simply setting a fee. But, as you know, it goes on to say, what is the meaning of this phrase? Any and all disputes including attorney's fees, including whether the claimant is entitled to attorney's fees. Is that not what we're talking about here? Breach of referral, agreement, breach of contract, would that fall under is entitled to fees? That has a meaning beyond the setting of fees, right? Yes. So how do you read, what's the meaning of the phrase, or is entitled to fees, the commission should decide? I'm not a workers' compensation attorney, but we can guess that there is case law about the entitlement of a workers' compensation attorney to fees brought under claims under the act. There may be circumstances in which that workers' compensation attorney is not entitled to fees. What if he abandoned the case? What if he neglected the case? Certainly outside of the workers' comp realm, you are not entitled to fees if you were discharged for cause. Obviously you would have to argue then that the phrase entitled to fees doesn't encompass referral fee breaches, obviously. Yes. It has to be a position. And going back to what the court has already acknowledged, that the divestiture has to be explicit. Where in the section does it say referral fee agreements or any similar phrase? It doesn't. So there was no explicit divestiture regarding referral fee contracts. Workman's comp is still a boutique practice. Absolutely. Because of that, most workman's comp cases are largely the result of referrals from other claimants and from lawyers who have a prospective client who comes to them. Agreed. Wouldn't it be fair to say that the defendant's position is that you should take your case to the commission if you have a fee dispute? Wouldn't that be fair? Well, I don't think it's a question of what's fair. It's what does the statute provide. First of all, Ferris Thompson & Zweig and any other referring firm is trying to avoid the commission by referring the case. If I was knowledgeable and competent to handle a worker's comp claim, I would do so myself and keep 100% of the fee instead of 45% of the fee. So the irony is the opponent is asking us to go to the very commission we're trying to avoid by referring the case in the first place. It's because I don't feel competent to represent the claimant before the commission, which is a specialized boutique-type practice. That's why it's referred out. That is consistent with the ethical rules that you shouldn't handle a case you don't feel competent to handle. If I may just speak about the standard of review, because it is very important and I do think there's a legitimate issue for abuse of discretion standard. Under the Hague case that I cited, in that Hague case, it says the motion urged the trial court to weigh several factors to determine if it is appropriate for an action to proceed. The record reflects the trial court did weigh factors and therefore the Hague court applied the abuse of discretion standard. Well, here, Judge Foos, the trial judge, he heard the nature of the relationship between the respective firms, their respective responsibilities under the contracts, and he concluded that Section 16A did not apply. That should, the court should apply abuse of discretion to his judgment that I heard all the facts. How is this court to determine if this was a claim brought under the Workman's Compensation Act? You can't do that in a vacuum. You have to have a trial judge hear testimony, which he did, from the lawyers regarding the nature of this representation. And the trial judge came to the conclusion that this was not a situation, this was not a claim brought under the Act, which is the only circumstance which gives the commission exclusive jurisdiction to hear attorney's fees. If I may also point out that the main reason, in my estimation, why the legislature provided for that exclusivity jurisdiction is because what hasn't been mentioned yet is under the Comp Act, you're only entitled to 25% fees. Those fees are capped by law. There is no such cap regarding referral fees. Arguably, it can be 90-10 split or any variation thereof. So that's why the legislature said, look, we're going to have only the commission determine and make sure that total fees, whether by former attorneys, if you have 10 different attorneys that were fired, are going to total no more than 25%. And that is provided under the statute. There is no such limitation regarding referral fee. If you look at the administrative rule that implements the statute, 16A, it's silent on referral fee disputes. It only refers to, it only addresses disputes between petitioner and his attorney or former attorney. And then Section B, under the administrative rule, talks about quantum merit, but only quantum merit for an attorney who has withdrawn. Well, Ferris-Hudson's WAC never withdrew from the case. We never even filed an appearance before the commission. As the court correctly pointed out before, we simply refer a case to Mr. Esposito, and to answer your question, if I may, the complaint seeks judgment of $5,000 and change for one client and $5,100 and change for another client. This is a fixed amount set in a contract, which is approved by the commission. To get attorney's fees, you have to submit a contract. The commissioner approves the amount, which is in compliance with the 25% rule. So those were the amounts Mr. Esposito received. Under the Breach of Contract Act, we were entitled to 45%. And it's a common law action, which was properly before the circuit court. Are there any questions? Thank you. Thank you. Mr. Folling, you may pursue that way, Bob. Thank you. Addressing Mr. Ferris's argument relative to the administrative rules, the rules governing practice before the commission, the administrative rules are not a guide to legislative intent in this case. The legislative intent is articulated by the legislature. So in order to determine if subject matter jurisdiction applies, we look at. You still have time. That's not equal to the buzzer. Okay, thank you. So I don't think the administrative rules have any bearing on determining the legislative intent. Both sides agree it's the issue here. Mr. Ferris conceded that it's possible that neglect of a matter would potentially expose a person seeking fees in connection with an act to proving up their entitlement through a quantum merit analysis. And under the agreements attached to the complaint, there are services that must be performed in connection with the act. So if there's a question about the neglect of the matter by the Ferris term, or firm rather, then I think we agree that the commission would have jurisdiction to say this is what you're entitled to based on a quantum merit analysis, based on your failure to perform under this agreement. How was the contract, the referral contract, different from any other referral contract? Say, for example, a PI case. How was it different? How was it unique? It was unique to the extent that it provides that the Ferris firm is supposed to arrange meetings between the claimant and the attorneys. The Ferris firm is supposed to provide translation services. The Ferris firm is supposed to maintain a file. The Ferris firm is— Again, I understand that. What was unique for a workman's—I mean, what you just articulated are common in all referral fee cases. Those are very common. So what was unique about this referral contract? Say, for example, I'm a personal injury lawyer, but I have a big case, patent case, a commercial property case, whatever, and I refer the case, but I offer—because the lawyer I referred it to is out of town or he has to do some traveling, I offer in the contract, we'll provide these services. So you understand my point. Those are common elements to every referral fee contract. What was unique about it? What made this unique as opposed to some other referral fee contract? I can only speak from my personal experience about the PI referral agreements I've seen. I understand what you're saying, Justice Burkett. I don't think that those are common. I think the referral agreements I've seen says, in a PI contract, typically I was referred to this case by X attorney. He's going to get a third of a third. I normally don't see the provision of services like that. So to the extent that in your experience this is common, and I understand in that example where you have different counsel, but I think that those are services rendered in connection with the service—with the compensation. All right, thank you. Thank you. All right, the matter will be taken under advisement and a written disposition will be issued in due course. I want to thank all counsel for their cogent arguments here this morning, and we stand adjourned, subject to call. Thank you. Thank you.